By the Court.
 

 The Court of Appeals affirmed the judgment in favor of the plaintiff, rendered upon the verdict in the court of common pleas, upon the ground that the property at the location
 
 *18
 
 of the manhole was under the joint control of the University of "Wilberforce, and the Board of Trustees of the Combined Normal and Industrial Department of the said university.
 

 The Clombined Normal and Industrial Department of Wilberforce University was created by an act of the General Assembly in Sections 7975 to 7986-1, inclusive, General Code. Under these sections, five members of the board of trustees of the department are appointed by the Governor of Ohio, by and with the advice and consent of the Senate. The president of Wilberforce University is
 
 ex officio
 
 a member of the board of trustees, and three members of the board are appointed by the board of trustees of Wilberforce University. Wilberforce University existed and functioned as a private institution prior to the creation of the Combined Normal and Industrial Department. The Normal and Industrial Department is maintained by appropriations made by the General Assembly, the appropriation for the last biennium having been in the amount of $374,271. The employes of the department are paid by the state upon the voucher of the auditor of state, which is based upon a payroll prepared by the superintendent of the combined normal and industrial department. Under the statute, the selection of a superintendent for the department by the board of trustees is subject to the approval of the state controlling board, and no contract, claim, or voucher drawn against any appropriation is valid until the superintendent so selected has approved the same in writing.
 

 The normal and industrial department carries
 
 *19
 
 on its educational work upon land owned by the state, upon which a number of buildings have been built by the state for this purpose, and it was upon this land that the accident in question occurred.
 

 Defendants in error contend that the University of Wilberforce had joint control with the Combined Normal and Industrial Department over the electric light plant and the gymnasium, and over the employe who negligently lifted the cover off of the manhole. These three facts were specifically found by the jury in their answers to three interrogatories, as follows:
 

 11
 
 (1) Was the electric plant and system owned, operated or controlled by the Wilberforce University? Answer: Yes.
 

 “(2) Were the employes who removed the cover from the manhole, made the repairs, and left the manhole uncovered or unguarded employes of Wilberforce University? Answer: Yes.
 

 “(3) Were any of the employes of whose negligence the plaintiff complains at any time under the direction or control of Wilberforce University? Answer: Yes.”
 

 Plaintiff in error, on the contrary, maintains that there is no evidence in the record whatever tending to show that the University had joint control or any control over the electric light plant, the gymnasium building, or the employe Newsom.
 

 With the last contention we are in accord. The act was done upon real property owned by the state. It was done with reference to turning on lights in a building owned by the state. It was done by a man paid entirely by the state, and
 
 *20
 
 subject to the control of a board of trustees created and maintained by state statute. The mere fact that Wilberforce University appoints three only of the trustees of the board, and that the president of Wilberforce University is an
 
 ex officio
 
 member thereof, does not give Wilberforce University control of the board, which numbers nine members. As constituted, the board of trustees of the department is a separate entity, established by the state, with entire control of the buildings and land used by the department, and of the functioning of the department. The record contains no evidence which indicates joint control, and hence there cannot be joint liability. Moreover the action against the Combined Normal and Industrial Department 'of Wilberforce University cannot be maintained, for it is an action against the state.
 

 Judgment reversed.
 

 Marshall, C. J., Jones, Matthias, Allen, Kink atve and Robinson, JJ., concur.